IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT R. JONES,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| v. | : | NO. 06-4636 |
| | : | |
| **LANCASTER COUNTY,** | : | |
| **Defendant** | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                              **August     13  , 2007**

On July 10, 2006, Robert R. Jones, a former inmate at the Lancaster County Prison, filed this civil rights action pursuant to 42 U.S.C. § 1983 in the District Court for the Middle District of Pennsylvania.  Mr. Jones brought claims against the Dietary Department and the Warden of the Lancaster County Prison for feeding him too much starchy food which adversely effected his diabetes.  A week later, Mr. Jones filed a document entitled "Local Rule 7.5 Amendment Motion," in which he included additional allegations of deliberate indifference to his serious medical need of meeting with a qualified registered dietician.  The court construed this document, in conjunction with Mr. Jones' original filing, as his Complaint.  Because all of the alleged conduct occurred in this district, the Middle District transferred the case to this court.

**I. BACKGROUND**

At a status conference I held on February 21, 2007, Mr. Jones explained that he had been sentenced to one year probation for a drug offense in Lebanon County but at some point was remanded into custody at the Lebanon County prison.  Because of a

conflict he had with the medical department at that facility, Mr. Jones was sent to the Lancaster County prison, where he spent thirty-four (34) days before being returned to the Lebanon County prison. Mr. Jones alleges that the high sugars in his diet at the Lancaster County prison resulted in damage to his pancreas. When he was released from prison, he saw a physician who prescribed medication.

In an Order dated February 22, 2007, I dismissed the dietary department and the warden of Lancaster County prison from the case, and granted Mr. Jones leave to file an Amended Complaint naming the proper defendant(s) within fourteen (14) days. A month later, Mr. Jones filed an Amended Complaint naming Lancaster County as the sole defendant. Shortly thereafter, Lancaster County filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mr. Jones has not responded. For the following reasons, I will grant the motion in its entirety.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." The rule is designed to screen out cases where "a Complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted." Port Auth. v. Arcadian Corp., 189 F.3d 305, 311-312 (3d Cir. 1999). Under Rule 12(b)(6), a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the non-

moving party can prove no set of facts in support of its claim which would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue, therefore, is not whether the non-moving party will ultimately prevail, but whether it is entitled to offer evidence to support its claims. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

In considering whether a pleading should be dismissed for failure to state a claim upon which relief can be granted, a court must consider only those facts alleged in the pleading and accept all of the allegations as true, drawing all reasonable inferences in favor of the non-moving party. ALA v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); see also Lum v. Bank of America, 361 F.3d 217, 222 (3d Cir. 2004) (in deciding motions pursuant to Rule 12(b)(6), courts generally consider only allegations in the pleading, exhibits attached to the pleading, matters of public record, and documents that form the basis of a claim).

### III. DISCUSSION

Title 42 of the United States Code § 1983 provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 provides remedies for deprivations of rights established in the

Constitution or federal laws.  It does not, by its own terms, create substantive rights. Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979).  To state a § 1983 claim, a plaintiff must demonstrate that the defendant, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States.  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995).

The Eighth Amendment prohibits the imposition of "unnecessary and wanton infliction of pain contrary to contemporary standards of decency."  See Helling v. McKinney, 509 U.S. 25, 32 (1993).  In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court held that the Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide basic medical treatment to those whom it has incarcerated.  The Court articulated the standard to be used:

> In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

Id. at 106.  Therefore, to succeed under these principles, a plaintiff must demonstrate (1) that the defendant was deliberately indifferent to his medical needs, and (2) that those needs were serious.  Id.

Claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute "deliberate indifference."  As the Estelle Court noted: "In the

medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" Id. at 105; see also Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993) (the law is clear that simple medical malpractice is insufficient to present a constitutional violation). "Deliberate indifference," therefore, requires "obduracy and wantonness," Whitley v. Albers, 475 U.S. 312, 319 (1986), which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk. See Farmer v. Brennan, 511 U.S. 825, 842 (1994) (it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm).

Courts have found "deliberate indifference" in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment. See Rouse v. Plantier, 182 F.3d 192, 197-199 (3d Cir. 1999); Durmer, 991 F.2d at 68 (citing Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346-47 (3d Cir. 1987)).

Unfortunately, Mr. Jones provides no factual basis to support his allegations of deliberate indifference. His Amended Complaint only alleges "the deliberate indifference to medical needs violated my rights constituted substantial risk of serious harm [sic]. 'They' disregarded that risk by failing to take reasonable measures to abate it." Mr. Jones

5

concedes in the Amended Complaint that there is an absence of "showing physical injury," but seeks an award of nominal damages and punitive damages of $100,000 for violations of constitutional rights.  Because the Amended Complaint lacks any detail and Mr. Jones is acting *pro se*, I considered the Amended Complaint along with documents appended to the original Complaint in determining that Mr. Jones has not satisfied his burden of stating a claim upon which relief could be granted.

      Mr. Jones has not alleged acts or omissions sufficiently harmful on the part of Lancaster County to evidence deliberate indifference.  For example, on a copy of an Inmate Request for Medical Services form dated June 25, 2006, Mr. Jones complained that he needed to see the registered dietician about his diet.  On the same form, a prison official responded that "the dietician is in Phila. and does not come on site.  The kitchen is more than willing to get your written concerns to the dietician for review and response."  A certified copy of an Inmate Current Running Balance Date Range Report dated July 13, 2006, reveals six withdrawals from Mr. Jones' account at the Lancaster County prison used to purchase Glipizide, a medication used for the treatment of diabetes.[1]  This uncontroverted evidence fails to show the required culpable state of mind on the part of the prison sufficient to constitute "deliberate indifference."  I will grant the defendant's motion to dismiss in its entirety.  An appropriate Order follows.

---

    [1] Glipizide is indicated as an adjunct to diet for the control of hyperglycemia and its associated symptomatology in patients with non-insulin-dependent diabetes mellitus.  Physicians' Desk Reference, 2603, 58th edition (2004).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT R. JONES,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| v. | : | NO. 06-4636 |
| | : | |
| **LANCASTER COUNTY,** | : | |
| **Defendant** | : | |

**O R D E R**

**STENGEL, J.**

     **AND NOW**, this   13th   day of August, 2007, upon consideration of the defendant's motion to dismiss (Document #12), it is hereby ORDERED that the motion is GRANTED in its entirety.

     The Clerk of Court is directed to mark this case closed for all purposes.

BY THE COURT:


  /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.